RATLIFF et al. v. HAAK.

(Court of Civil Appeals of Texas. Ft. Worth. April 6, 1912. Rehearing Denied May 11, 1912.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS —STATEMENTS—SUFFICIENCY.

In an action for the foreclosure of vendor's lien notes, an assignment of error set forth an instruction, complaining that it was erroneous because the legal effect was to inform the jury that when defendants purchased the land for which the notes were given they got good and perfect title. The only statement which followed the proposition was to the effect that the assignment of error contained a correct copy of the charge. *Held*, that as the proposition merely stated the legal effect of the instruction, and there was no statement, the error of the charge could not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. VENDOR AND PURCHASER (§ 123*) — RESCISSION — RIGHT OF RESCISSION — QUESTIONS FOR JURY.

Where the vendor of land represented the title to be his own, and the vendee held it for over two years, during which time the vendor perfected his title, the question of the vendee's right to rescind because of the false representations was for the jury.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 221–227; Dec. Dig. § 123.*]

3. APPEAL AND ERROR (§ 1032*)—ASSIGNMENTS OF ERROR—STATEMENT—SUFFICIENCY.

An assignment complaining of a charge cannot be reviewed, where the statement of facts following it does not indicate that the charge was or could have been harmful to the plaintiff in error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4047–4051; Dec. Dig. § 1032.*]

Error from District Court, Eastland County; Thos. L. Blanton, Judge.

Action by J. A. Haak against A. C. Ratliff and another. Judgment for plaintiff, and defendants bring error. Affirmed.

J. R. Stubblefield, of Eastland, for plaintiffs in error. Scott & Brelsford, of Eastland and Cisco, for defendant in error.

SPEER, J. J. A. Haak filed suit November 24, 1909, in the district court of Eastland county against A. C. Ratliff and John Davenport to recover upon three notes dated June 25, 1907, each for the sum of $100, due, respectively, one, two, and three years from date, seeking also to foreclose a vendor's

lien on a certain lot in the town of Mangum in that county. The defenses pleaded were that the plaintiff represented the title to his said lot to be good, when in truth he had no title, and, furthermore, that he represented that a public park was situated, or would be located, near the lot for which the said notes were given, each of which representations was alleged to be material and induced the defendants to make the purchase and to execute the notes, and was falsely and fraudulently made for such purpose. The defendants tendered back the deed. A trial resulted in a judgment for the plaintiff, and the defendants seek a review by their writ of error.

[1] By the first assignment of error plaintiffs in error complain of the refusal to give their special charge No. 1, directing a verdict for them canceling the notes sued on, and for the recovery of the purchase money actually paid should the jury find that defendant in error had falsely represented to plaintiffs in error that he had a good title to the land and that they had acted upon such representation in making the contract. In the charge given we find this: "I charge you that the legal effect of the judgment in the case of J. A. Haak v. Nicholas Rosseau et al., offered in evidence, was to perfect any defect shown to be in plaintiff's title at the time the defendants purchased the same from the plaintiff." Unless this charge is erroneous, clearly the requested charge was properly refused. The only complaint made of the charge given is that it is erroneous because "the legal effect of the same was to inform the jury that, at the time the defendants purchased the lots for which the notes herein sued on were given, the defendants got a good and perfect title to the said lots." It is apparent this is the legal effect of the charge given; but it is not properly shown that, as thus interpreted, the charge was erroneous. The only statement which follows the above proposition is to the effect that the assignment of error contains a correct copy of the charge.

[2] While this is a complete disposition of the assignment under consideration, it might not be inappropriate to say that whether or not plaintiffs in error would be entitled to a rescission at the time they sought it would be a question of fact under all the circumstances, and not one of law to be directed by the court as sought; the record showing that more than two years had elapsed since the alleged fraudulent representations were made, and, furthermore, that the supposed defect in the title had been cured by a judgment of the district court of Eastland county prior to any actual or even attempted rescission by plaintiffs in error. It may be that one who has fraudulently induced the making of a contract by false representations will not be allowed to make good his

representations where the defrauded party has elected to rescind for them; but it is difficult to understand upon what principle equity will allow a rescission after the false representations have actually been made good. The trial court's definition of "public commons" and "public park" gave to those terms their common meaning, and the only evidence quoted to show that the same was possibly misleading was that to the effect that the land in controversy was a part of that designated on the map of the town of Mangum as "public commons"; but this, when read in connection with another paragraph of the charge, directing a verdict for the defendants if the jury should find that the lot conveyed was a portion of the property designated on the map as a public commons, removes any doubt upon this question.

[3] There is no statement of facts following the fifth assignment of error to indicate that the charge therein complained of was or could have been harmful to plaintiffs in error; the only statement being "the assignment of error is predicated upon the one paragraph of the court's charge." The testimony is sufficient to support the judgment for the whole of the three notes described in the pleadings. Defendant in error testified that he was the owner of the three notes sued on, he produced two of them in court, and without objection proved that the other was in the possession of another person who had promised to bring it to court, and the deed, itself, in evidence, described the three notes.

We find no error in the judgment, and it is affirmed.